FILED
 2015 Aug-12  PM 02:22
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**RICKEY GLENN LANGFORD,**         }
                                   }
    **Petitioner,**                }
                                   }
**v.**                             }   **Case No.: 5:12-cv-02823-RDP-TMP**
                                   }
**STATE OF ALABAMA, et al.,**      }
                                   }
    **Respondents.**               }

## MEMORANDUM OPINION

On July 14, 2015, the Magistrate Judge's Report and Recommendation (Doc. 19) was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. Plaintiff submitted an objection on August 11, 2015. (Doc. 22). Plaintiff argues that the Magistrate Judge improperly converted his 28 U.S.C. § 1983 claim for exorbitant bond into a § 2241 habeas claim.

A close reading of Plaintiff's "Amended Petition for Section 2241 Relief" (Doc. 12) in conjunction with his initial Complaint (Doc. 1) reveals that, at the time Plaintiff filed this action, he intended to petition this court for the dismissal of his state charges and his immediate release from custody.[1] As such, Plaintiff advances no cognizable section 1983 claim but rather asserts a section 2241 federal habeas claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (To the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus."). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal

---

[1] According to Plaintiff's Objection, Plaintiff only intended to raise the "singular issue" that the imposition of excessive bond that interfered with his ability to retain counsel. (Doc. 22, at 8). This argument is disingenuous. Plaintiff's pleadings cannot reasonably be construed as asserting this theory.

habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), quoting *Preiser*, 411 U.S. at 489; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). As the Eleventh Circuit has held, the federal habeas statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Accordingly, the Magistrate Judge is plainly correct that Plaintiff initially sought relief in "the nature of habeas corpus" under section 2241. (Doc. 19, at 5).

Therefore, after careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court hereby **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 12, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE